46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Phillip CYPRIAN, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-3145.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Nov. 3, 1994.*
Decided: Jan. 27, 1995.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Phillip Cyprian appeals the district court's dismissal without prejudice of his motion to vacate his sentence under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 In February 1991, a federal jury convicted Cyprian of embezzling union funds, falsifying union records, conducting an illegal gambling business, and committing tax fraud. He was sentenced in May 1991 and filed a timely appeal. While that appeal was pending, Cyprian filed this Sec. 2255 motion to vacate his sentence. Cyprian claims that his conviction was unconstitutional because his counsel was ineffective, and the government both withheld favorable evidence and used evidence obtained from an unlawful arrest. The district court dismissed Cyprian's Sec. 2255 motion because his direct appeal was still pending.[1] Cyprian appeals. We affirm.
 
 
 3
 "The well established general rule is that, absent extraordinary circumstances, the district court should not consider Sec. 2255 motions while a direct appeal is pending." United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993) (citing United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979)). Cyprian argues that his situation is extraordinary for two reasons. First, he claims that relief is necessary because he received ineffective assistance of counsel. Although we have held that ineffective assistance of counsel claims are properly raised in a Sec. 2255 proceeding, we have never held that the preferred method of bringing such a claim is to file a Sec. 2255 motion during the during the pendency of a direct appeal. Robinson, 8 F.3d at 406 (emphasis omitted). Second, Cyprian asserts that he needs to establish a record of evidence in order to defend himself in an upcoming RICO trial. This argument has no merit. In the event that Cyprian is brought to trial again, he may present any relevant evidence in his defense at that time. We therefore find that the district court did not abuse its discretion in dismissing Cyprian's Sec. 2255 motion.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Cyprian's conviction has since been affirmed. United States v. Cyprian, 23 F.3d 1189 (7th Cir.), cert. denied, 115 S. Ct. 211 (1994)